## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

RIJING (TIANJIN) STEEL
TECHNOLOGY CO., LTD.,

Plaintiff,

v.

CROWN BRANDS LLC d/b/a ONEIDA
HOSPITALITY GROUP,

Defendant.

Case No. 1:21-cv-02130

Judge Mary M. Rowland

## MEMORANDUM OPINION AND ORDER

Plaintiff Rijing (Tianjin) Steel Technology Company brings suit against Defendant Crown Brands for breach of contract, promissory estoppel, breach of implied contract and unjust enrichment. Defendant moves to dismiss the Amended Complaint under Fed. R. Civ. P 12(b)(6) for failure to state a claim. For reasons stated herein, Defendant's Motion to Dismiss [35] is granted in part and denied in part.

### I.   Background

The following factual allegations are taken from the Amended Complaint (Dkt. 29) and are accepted as true for the purposes of the motion to dismiss. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016). Plaintiff Rijing (Tianjin) Steel Technology Co., Ltd (Rijing) is a corporation organized and existing under the laws of China. Dkt. 29 ¶ 2. From March 2018 through November 2018, Oneida Hospitality Group (Oneida), a Delaware based company, placed eighteen (18) purchase orders with Rijing for kitchen and tabletop silverware, totaling $368,815.16,

with a payment term for each order of "net 30 days." *Id.* at ¶ 8. The goods were delivered on time and according to the agreement, but Rijing never received payment from Oneida. *Id.* at ¶ 9. Rijing proceeded to make both oral and written requests for payment. *Id.* In January 2019, Oneida sold a majority of its foodservice business to Crown Brands LLC (Crown), an Illinois company. *Id.* at ¶¶ 4, 9.[1] This sale included the department within Oneida that placed the 2018 Purchase Orders with Rijing. Oneida informed Rijing that the outstanding balance for the 2018 Purchase Orders by Oneida would now be owed by Crown. Oneida directed Rijing to seek payment from Crown directly. *Id.* at ¶ 14. Rijing then made multiple requests to Crown for payment and did not receive a response from Crown. *Id.* at ¶ 15. Eventually Crown sent a signed letter, the 2019 Note, to Rijing stating that it would make weekly payments in the amount of $46,102.02 starting June 10, 2019, on the outstanding amount of $368,816.16. *Id.* at ¶¶ 15-16. Subsequently, Crown made two payments to Rijing. *Id.* at ¶ 17. The first payment was on June 19, 2019 in the amount of $16,297.17 and the second on July 19, 2019 in the amount of $15,000.00. *Id.* at ¶ 17. No additional payments were made. *Id.* at ¶ 18. There is an outstanding balance of $337,517.99 to Rijing. *Id.* at ¶ 19.

Count I of the Amended Complaint (Complaint) alleged breach of contract against Oneida. *Id.* at ¶ 20. That claim was dismissed without prejudice pursuant to a stipulation between the parties, Dkt. 40, and is not a subject of this motion. Count II alleges breach of contract against Crown for nonpayment after Crown sent the 2019

---

[1] In January 2020, Crown rebranded and is now known as Oneida Hospitality Group. Dkt. 29 ¶ 12. For the purposes of clarity in this suit, the Court continues to refer to Defendant as "Crown."

Note to Rijing. Dkt. 29 ¶¶ 29-30. Count III, breach of implied contract, and Count IV, promissory estoppel, are pled in the alterative to Count II, and Count V, unjust enrichment, is plead in the alternative to Counts I through IV. *Id.* at ¶¶ 8, 35-36, 41-42 and 47-48.

## II. Standard

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chi.,* 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). *See also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A court deciding a Rule 12(b)(6) motion accepts plaintiff's well-pleaded factual allegations as true and draws all permissible inferences in plaintiff's favor. *Fortres Grand Corp. v. Warner Bros. Entm't Inc.,* 763 F.3d 696, 700 (7th Cir. 2014). A plaintiff need not plead "detailed factual allegations", but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate under Federal Rule of Civil Procedure 8." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (citation and internal quotation marks omitted).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl.*

3

*Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007). Deciding the plausibility of the claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009)).

## III. Analysis

### A. Count II: Breach of Contract

The required elements of a breach of contract claim in Illinois are "(1) offer and acceptance, (2) consideration, (3) definite and certain terms, (4) performance by the plaintiff of all required conditions, (5) breach, and (6) damages." *Association Benefit Services, Inc. v. Caremark RX, Inc.*, 493 F.3d 841, 849 (7th Cir. 2007), *quoting MC Baldwin Fin. Co. v. DiMaggio, Rosario & Veraja, LLC*, 845 N.E.2d 22, 30 (Ill. App. Ct. 2006). Consideration is a bargained-for exchange of promises or performances. *Bishop v. We Care Hair Development Corp.*, 738 N.E.2d 610, 622 (2000). It may consist of a promise, an act, or a forbearance. *Id.* Under Illinois law "any consideration sufficient to support a simple contract" satisfies the consideration requirement. 810 ILCS 5/3-303(b).

Crown argues that Rijing's breach of contract claims fails to plead consideration. Dkt. 36 at 3. In response, Rijing first contends that consideration occurred when Rijing declined to seek payments from the original debtor or to sue because Crown promised to pay Oneida's debt. Dkt. 38 at 4. Second, Rijing argues that consideration is presumed because Crown's letter, referred to in the Amended Complaint as the

2019 Note, is a promissory note, a negotiable instrument that does not require explicit consideration. *Id.* Crown responds that the document is not a promissory note, but at best, a gratuitous promise. Dkt. 41 at 2.

Rijing has the best of this argument. Under section 3-104 of the Uniform Commercial Code (UCC) and Illinois Law, a negotiable instrument is:

> an unconditional promise … to pay a fixed amount of money … if it: (1) is payable to the bearer or to order at the time it is issued or first comes in possession of a holder; (2) is payable on demand or at a definite time and; (3) does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money.

810 ILCS 5/3-104(a).[2] "An instrument is a 'note' if it is a promise." *Id.* at 5/3-104(e). Here, the letter, signed by Crown's Chief Financial Officer, contained an unconditional promise by Crown to pay Rijing $386,816.6 in a fixed amount: the weekly amount of $46,102.02. Dkt. 29, Ex. 20. It was payable at a definite time without any other instructions. *Id.* Accordingly, the letter is a validly executed negotiable instrument.

Under Illinois law, validly executed negotiable instruments, as distinct from simple contracts, are presumed to have consideration. "[N]o further proof is required other than the note itself." *Karlen v. Fitzgibbons*, 2015 WL 5870382 at *7 (Ill. App. Ct. Oct. 7, 2015). ("[T]he fundamental flaw in [Defendant's] argument that the promissory note lacks consideration is that it is based on contract principles rather than negotiable instruments under the UCC."). Without presenting evidence to the

---

[2] "Illinois is a state that has adopted the [UCC], under which a negotiable instrument can take several forms—it can be a draft, a check, a note, or a certificate of deposit." *Harvard Sav. Bank v. Sec. Nat'l Ins. Co.*, 2017 WL 2560900, at *5 (N.D. Ill. June 12, 2017).

contrary, the presumption weighs in Rijing's favor. *See PNC Bank, Nat'l Ass'n v. Boytor*, 18 C 4167, 2021 WL 4133540 at *14 n.10 (N.D. Ill. Sept. 10, 2021) (finding a promissory note was valid for other reasons and stating that "[u]nder Illinois law, [ ] a validly executed negotiable instrument, such as a promissory note, is presumed to have consideration."). The presumption of consideration is rebuttable, "but the evidence offered in rebuttal must be of a very clear and cogent nature." *Pedott v. Dorman*, 548 N.E.2d 541, 546 (Ill. App. Ct. 1989). If appropriate, Crown may bring this argument on summary judgment. But the motion to dismiss Count II is denied.

### B. Count III: Breach of Implied Contract

In the alternative of Count II, Rijing brings a breach of implied contract claim. Rijing relies on the two payments Crown made to Rijing and asserts: if those payments were not part of an express contract between Rijing and Crown, then they were made in furtherance of a contract implied in fact. Dkt. 38 at 7. Crown argues that (1) a claim of implied contract cannot coexist with an express contract on the same subject; and (2) Rijing asserts no consideration for this implied contract.

An implied in fact contract is one in which "a contractual duty is imposed by reason of a promissory expression which may be inferred from the facts and circumstances and the expressions of the part of the promisor which show an intention to be bound." *Estate of Jesmer v. Rohlev*, 609 N.E.2d 816, 820 (1993). Put another way, an implied contract consists of obligations arising from an agreement that is not expressed in words. *In re Marriage of Bennett*, 587 N.E.2d 577, 580 (1992); *see also Telebrands Corp. v. My Pillow, Inc.*, 2020 WL 291386, at *3 (N.D. Ill. Jan. 21,

2020) ("an 'implied-in-fact contract may be found by examination of the acts of the parties even in the absence of any express statement of specific agreement regarding the details of the contractual relationship.'").

Although an implied contract cannot "coexist" with an express contract on the same subject (*Maness v. Santa Fe Park Enters., Inc.*, 700 N.E.2d 194, 201 (1998)), federal courts permit alternative pleading. Under Fed. R. Civ. P. 8(d): "A party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient [and] "[a] party may state as many separate claims or defenses as it has, regardless of consistency."; *see also Pittsfield Dev., LLC v. Travelers Indem. Co.*, 542 F. Supp. 3d 791, 803 (N.D. Ill. 2021) ("a party could plead that there was an express contract and, in the next claim, turn around and allege that if there was no express contract, then there was an implied contract"). Courts have permitted "alternative implied-in-fact contract claim[s]" to proceed despite the existence of an agreement. *Motorola Mobility, LLC v. Myriad France SAS*, 2014 WL 1243877, at *7 (N.D. Ill. Mar. 22, 2014).

In Count III, Rijing alleges that Crown assumed the debt and obligations of Oneida, agreed to make weekly payments to Rijing until the total outstanding payment was made, that Crown made two payments as a result of its implied contract, and that Crown "breached its implied contract with [Rijing] by failing to pay Plaintiff the amount agreed upon." Dkt. 29 ¶¶ 34-37.[3] "[A] complaint in federal court

---

[3] Crown cites to *Hernandez v. Illinois Inst. of Tech.*, 2021 WL 1600171 (N.D. Ill. Apr. 23, 2021), in which the court dismissed a breach of implied contract claim. That case is

[must] allege facts sufficient to show that the case is plausible ... [but this] do[es] not undermine the principle that plaintiffs in federal courts are not required to plead legal theories." *R3 Composites Corp. v. G&S Sales Corp.*, 960 F.3d 935, 946 (7th Cir. 2020) (cleaned up).

Therefore, at this pleading stage, Rijing's breach of implied contract claim survives.

### C. Counts IV and V: Promissory estoppel and unjust enrichment

Rijing brings two additional claims: promissory estoppel (Count IV) and unjust enrichment (Count V). Crown argues these claims fail because an express agreement is already alleged in the complaint. Dkt. 36 at 5. Rijing asserts that the Court should not apply "hypertechnicality" in pleadings at this stage. Dkt. 38 at 13.

Unlike breach of an implied-in-fact contract, promissory estoppel and unjust enrichment are implied-in-law or quasi-contractual theories. *See Telebrands*, 2020 WL 291386, at *3; *see also Restore Constr. Co., Inc. v. Bd. of Educ. of Proviso Twp. High Sch. Dist. 209*, 2019 IL App (1st) 181580, ¶ 28, 133 N.E.3d 71, 79, aff'd, 164 N.E.3d 1238 ("A contract implied in law, or a quasi contract, is not a contract at all. Rather, it is grounded in an implied promise by the recipient of services or goods to pay for something of value which it has received.").

---

distinguishable, however, because it did not address whether the claim was an implied-in-fact contract claim and in addition the parties *agreed* that a valid, enforceable contract existed.

The Federal Rules of Civil Procedure allows for alternative pleading (Fed. R. Civ. P. 8(d)) and Illinois law allows for breach of contract and promissory estoppel claims to be pled in the alternative until a court finds that there was an enforceable contract. If so, a party cannot recover under promissory estoppel. *Boswell v. City of Chicago*, 69 N.E.3d 379, 395 (Ill. App. Ct. 2016). And in Illinois, "if an unjust enrichment claim rests on the same improper conduct alleged in another claim, then …of course, unjust enrichment will stand or fall with the related claim." *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011).

However, "while a plaintiff may plead breach of contract in one count and unjust enrichment and promissory estoppel in others, it may not include allegations of an express contract which governs the relationship of the parties, in the counts for unjust enrichment and promissory estoppel." *The Sharrow Group v. Zausa Development Corp.*, 2004 WL 2806193 at *3 (N.D. Ill. December 6, 2004); *See also Gociman v. Loyola Univ. of Chicago*, 515 F. Supp. 3d 861, 870 (N.D. Ill. 2021) (holding that though inadvertent, incorporating claims of a contract by reference will lead to dismissal).

Rijing's Counts III and IV specifically incorporate allegations discussing the 2019 Note and reference and rely on the specific promise made in that note. Dkt. 29 ¶¶ 33-35, 39-41. Therefore, Counts IV and V must be dismissed without prejudice.[4] *See Guinn v. Hoskin Chevrolet,* 361 Ill. App. 3d 575, 605 (Ill. App. Ct. 2005) (plaintiff's alternative claim of unjust enrichment dismissed when she does not specifically reference the contract in question, but did incorporate the allegations of each other

---

[4] Because Counts IV-V fail to state a claim due to incorporated allegations, this Court declines to consider the remaining arguments presented by Crown for dismissal of these claims.

into the claim); *City of Rockford v. Mallinckrodt ARD, Inc.*, 360 F. Supp. 3d 730 (N.D. Ill. 2019) (dismissing promissory estoppel claim where the facts incorporated reference to a contract but allowing for leave to replead allegations correctly.)

The Court will allow Rijing to replead its alternative promissory estoppel and unjust enrichment counts. *See City of Rockford*, 360 F. Supp. 3d 730. For these reasons, Counts IV and V are dismissed without prejudice.

## IV.     Conclusion

For the stated reasons, Defendant's Motion to Dismiss [35] is granted in part and denied in part. Counts II and III remain. Counts IV and V are dismissed. Plaintiff is granted leave until April 7, 2022 to amend its counts IV and V if doing so complies with this order.

ENTER:

Dated: March 25, 2022

MARY M. ROWLAND
United States District Judge